IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:12-CV-966

| | | |
|---|---|---|
| PAUL W. GRAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| DYSTAR, LP, REIDSVILLE, and | ) | |
| AMERISTAFF, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, complaining of defendants, alleges and says:

1. Plaintiff is a citizen and resident of Reidsville, Rockingham County, North Carolina.

2. Defendant Dystar, LP, Reidsville is a limited partnership organized and existing under the laws of the state of North Carolina with offices and places of business in North Carolina, including Guilford County and Rockingham County.

3. Defendant Ameristaff, Inc., is a corporation organized and existing under the laws of a state other than the state of North Carolina, which has offices and places of business in North Carolina, including Guilford County and Rockingham County.

4. Jurisdiction of this action is founded upon 42 U.S.C. § 2000e-5(c), and the pendent jurisdiction of this court.

5. At all times material hereto, each of the defendants has had more than 15, and more than 500, employees in each of twenty or more calendar weeks in the current or preceding calendar year.

6. On July 11, 2011, plaintiff began working for defendant Ameristaff, Inc., and was assigned by that defendant to work for defendant Dystar, LP, Reidsville. Defendant Ameristaff, Inc., is a temporary staffing company, and defendant Dystar, LP, Reidsville is an operating company that assigns work to and supervises the employees employed by defendant Ameristaff, Inc.

7. Plaintiff is a Christian minister of the gospel. Plaintiff made his fellow employees and his supervisors and managers aware of his Christian faith at or about the time he began working for defendants.

8. One of plaintiff's fellow employees, whose name is unknown to plaintiff, other than the name Sly, which this employee used, is a Buddhist.

9. The employee Sly harassed and intimidated plaintiff on a daily basis. Sly was upset when plaintiff would not take Buddhist literature that Sly was handing out at the workplace. Sly continued to holler at the plaintiff in an annoying and threatening way. On two occasions Sly snatched work orders out of plaintiff's hand. Sly repeatedly insisted that plaintiff look at naked women's pictures on his cell phone, which plaintiff refused to do.

10. Plaintiff complained to Phillip Cannon, his supervisor, and to David Porter, his assistant supervisor, about Sly's conduct described above. No action whatever was taken in response to these complaints. Phillip Cannon was a close friend and associate of Sly. Plaintiff also complained to Mark Banner, the manager of the defendant Dystar, LP, Reidsville, about Sly's conduct outlined above. Mark Banner refused to take any action to prevent the continued discrimination of plaintiff, and in fact told plaintiff to accept everything that the other employees did to him.

2

Case 1:12-cv-00966-JAB-JLW   Document 15   Filed 10/23/12   Page 2 of 9

11. Plaintiff also complained to Rosie, whose last name is unknown, and is a member of management of defendant Ameristaff, Inc. No action was taken by Ameristaff, Inc., following this complaint, and the discrimination against plaintiff on the basis of his religion continued.

12. Plaintiff was dismissed from his employment on October 6, 2011.

13. Plaintiff's dismissal was proximately and directly as a result of the religious discrimination practiced by Sly, which was approved and ratified, and not remedied by defendants. Plaintiff's dismissal was also directly and proximately caused by defendants' intent to retaliate against plaintiff for having complained of the discrimination against hm.

14. On September 28, 2011, plaintiff was sitting on the forklift he was operating for defendant Dystar, LP, Reidsville at the place of business of that defendant, when a co-employee drove his forklift into plaintiff's forklift with great force, causing personal injury to plaintiff. This incident was accidental and not intentional or otherwise non-accidental.

15. On October 3, 2011, plaintiff, while operating a forklift of defendant Dystar, LP, Reidsville at its premises, struck a loose metal plate, and caused personal injury to himself. This incident was accidental and not intentional or otherwise non-accidental.

16. On September 29, 2011, plaintiff gave defendants notice of workers' compensation claims on his behalf for the injuries he sustained in the incidents described in the two immediately preceding paragraphs.

17. Plaintiff's dismissal was proximately and directly in retaliation for his reporting of workers' compensation claims and his efforts to prosecute those claims.
.

# FIRST CAUSE OF ACTION
# FOR DISCRIMINATION
# ON THE BASIS OF RELIGION

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

19. The conduct of defendants described herein constitutes discrimination against plaintiff in his employment on the basis of his religion, and was both intentional and motivated by plaintiff's religion. This conduct by defendants violates 42 U.S.C. § 2000e-2(a).

20. Plaintiff filed a charge of discrimination against defendant Ameristaff, Inc., with the Equal Employment Opportunity Commission on January 6, 2012, complaining of the foregoing discrimination on the basis of religion, as required by 42 U.S.C. § 2000e-5(b) and (e).

21. Plaintiff was notified by the Equal Employment Opportunity Commission on April 30, 2012, of his right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

22. Plaintiff filed a charge of discrimination against defendant Dystar, LP, Reidsville with the Equal Employment Opportunity Commission on January 6, 2012, complaining of the foregoing discrimination on the basis of religion, as required by 42 U.S.C. § 2000e-5(b) and (e).

23. Plaintiff was notified by the Equal Employment Opportunity Commission on June 28, 2012, of his right to file suit against this defendant within 90 days after receiving that notification, in accordance with 42 U.S.C. § 2000e-5(f).

24. Plaintiff has been directly and proximately damaged by defendants' wrongful conduct, including loss of pay and benefits, emotional pain, suffering, and mental anguish, inconvenience, and injury to reputation.

25. Because defendants engaged in discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendants are liable for punitive damages.

26. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in an amount in excess of $10,000.

27. Plaintiff is suffering continuing irreparable harm by being deprived of his position of employment with defendants; and plaintiff is entitled to an injunctive order of reinstatement, or alternatively, front pay.

**SECOND CAUSE OF ACTION**
**FOR RETALIATORY AND**
**DISCRIMINATORY DISCHARGE**

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

29. The conduct of defendants described herein constitutes retaliation and reprisal, and further discrimination against plaintiff on the basis his religion, on account of plaintiff's opposition to the unlawful employment practices of defendants described herein. This conduct by defendants violates 42 U.S.C. § 2000e-3(a).

30. Plaintiff filed a charge of discrimination against defendant Ameristaff, Inc., with the Equal Employment Opportunity Commission on January 6, 2012, complaining of

5

the foregoing discrimination on the basis of religion, as required by 42 U.S.C. § 2000e-5(b) and (e).

31. Plaintiff was notified by the Equal Employment Opportunity Commission on April 30, 2012, of his right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

32. Plaintiff filed a charge of discrimination against defendant Dystar, LP, Reidsville with the Equal Employment Opportunity Commission on January 6, 2012, complaining of the foregoing discrimination on the basis of religion, as required by 42 U.S.C. § 2000e-5(b) and (e).

33. Plaintiff was notified by the Equal Employment Opportunity Commission on June 28, 2012, of his right to file suit against this defendant within 90 days after receiving that notification, in accordance with 42 U.S.C. § 2000e-5(f).

34. Plaintiff has been directly and proximately damaged by defendants' wrongful conduct, including loss of pay and benefits, emotional pain, suffering, and mental anguish, inconvenience, and injury to reputation.

35. Because defendants engaged in discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendants are liable for punitive damages.

36. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in an amount in excess of $10,000.

37. Plaintiff is suffering continuing irreparable harm by being deprived of his position of employment with defendants; and plaintiff is entitled to an injunctive order of reinstatement, or alternatively, front pay.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT DYSTAR, LP, REIDSVILLE
### FOR RETALIATORY AND DISCRIMINATORY
### DISCHARGE ON THE BASIS OF WORKERS'
### COMPENSATION CLAIMS

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

39. The conduct of defendants described herein constitutes retaliation and reprisal against defendants for bringing a workers' compensation claim, which was a violation of N.C.G.S. § 95-241(a)(1).

40. There was no legitimate business reason for defendants to discharge plaintiff.

41. Plaintiff filed an employment discrimination complaint form with the North Carolina Department of Labor in a timely way, complaining of the retaliatory discharge on account of having filed workers' compensation claims, as required by N.C.G.S. § 95-242.

42. Plaintiff received his notification from the North Carolina Department of Labor on September 14, 2012, of his right to file a lawsuit against defendant Dystar, LP, Reidsville in accordance with N.C.G.S. § 95-242.

43. Proximately and directly as a result of the wrongful conduct of defendant Dystar, LP, Reidsville for dismissing plaintiff in retaliation and reprisal for filing workers' compensation claims, he has been injured and damaged by losing income and fringe

7

benefits from his employment, and suffered depression and anxiety, and injury to his reputation. Plaintiff's damages incurred and to be incurred are in an amount in excess of $10,000.

WHEREFORE, plaintiff prays that he have and recover his damages of defendants, jointly and severally, incurred and to be incurred, in an amount in excess of $10,000, with respect to the first two causes of action; that plaintiff have and recover his damages of defendant Dystar, LP, Reidsville, incurred and to be incurred, in an amount in excess of $10,000, with respect to the third cause of action; that plaintiff's judgment bear such interest as is provided by law; that plaintiff be reinstated as an employee of defendants, or alternatively, recover front pay of defendants, that the costs of this action be taxed against defendants; that plaintiff recover his attorneys' fees and expenses of litigation of defendants pursuant to 42 U.S.C. § 1988 and N.C.G.S. § 95-243(c); that all issues of fact be tried by jury; and that plaintiff have such other and further relief as to the court may seem just and proper.

  /s/  Norman B. Smith
Attorney for Plaintiff
Norman B. Smith
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel:  (336) 274-2992
Fax:  (336) 274-8490
Email:  normanbsmith@earthlink.net
NCSB 4962

## CERTIFICATE OF SERVICE

I, Norman B. Smith, attorney for plaintiff in the above entitled action, do hereby certify that I have served a copy of plaintiff's amended complaint, on counsel of record, at the last address known to me, by CM/ECF electronic mail and by placing said document in an envelope with first-class postage affixed, and by depositing said envelope in the U.S. Post Office in Greensboro, North Carolina, this the 23rd day of October, 2012, said envelope being addressed as follows:

Ms. Kristine M. Sims
Constangy, Brooks & Smith, LLP
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101

Mr. M. Daniel McGinn
Brooks Pierce
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401

    /s/ Norman B. Smith
Attorney for Plaintiff
Norman B. Smith
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net
NCSB 4962